REGAN, Judge.
Plaintiff, Bankers Fire and Marine Insurance Company, collision insurer of Harold F. Gilbert’s motor vehicle, instituted this suit against the defendants, Evelyn J. Pearce, the operator, and Nathan Robinson, the owner of the offending vehicle, endeavoring to recover the sum of $850.00, representing the amount of property damage which the plaintiff paid to its insured as the result of a rear-end collision which occurred in the Jefferson Highway on February 14, 1957, at about 11:45 p. m.
The defendants answered and denied that the operator of the vehicle, Evelyn Pearce, or that Robinson [1], the owner thereof, were guilty of any negligence whatsoever and asserted that the negligence of the plaintiff’s insured was the sole cause of the accident; they then reconvened for the sum of $10,-000, representing personal damages; and in the alternative, they pleaded his contributory negligence.
From a judgment in favor of the plaintiff as prayed for and the dismissal of the reconventional demand, the defendant Pearce has prosecuted this appeal.
The record reveals that this accident occurred during a period of time when a freight train was crossing the Jefferson *482 Highway which is composed of four lanes separated by a neutral ground.
Gilbert, the plaintiffs insured, was driving in the left outbound lane thereof and came to a stop behind a vehicle operated by Ruffin G. Truxillo. Karl Hansen was likewise stopped in the next lane to the right of Truxillo. The foregoing three individuals testified that while their vehicles were stopped and they had waited one or two minutes for the train to complete the crossing, the defendant, who was driving in the left outbound lane, at a speed of about thirty miles per hour, crashed into the rear of Gilbert’s car, causing the damages which form the subject matter of this litigation.
In explanation of the manner in which the accident occurred, the defendant related that she was moving at a speed of thirty miles per hour when the impact occurred, and then asserted:
“Well, I ran into the car in front of me because the party driving didn’t indicate he was slowing down or coming to a stop. * * * When I saw he was coming to an abrupt stop I immediately tried to apply the brakes and like most women, I had on high heels, and my foot slipped off the brake and I hit him. * * * »
The foregoing resume of this case reflects that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted Gilbert’s version of the manner in which the accident occurred and, therefore, concluded that he was free of any fault which contributed to the accident and that the proximate cause thereof was not only the negligence of the defendant in failing to observe, in sufficient time, Gilbert’s parked vehicle, but after she became aware thereof, to permit her foot to slip off the brake pedal exemplified the epitome of fault.
The question which this appeal has posed for our consideration is whether the foregoing finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
Our examination of the record revealed an abundance of evidence to support the foregoing conclusion; it likewise reflected that the amount of the award was proved with that certainty required by law, and the judgment is therefore correct in all of its aspects.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The trial court properly dismissed the plaintiffs suit against the defendant Robinson, owner of the vehicle driven by defendant Pearce, since the plaintiff could not establish as a fact that the operator was engaged in a mission on behalf of the owner. No appeal was prosecuted from this aspect of the case.